IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDA LARSON,<br><br>   Plaintiff,<br><br>v.<br><br>HARPO WILL DOE, *and all others*,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br>1:17-cv-1595-WSD-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on the *in forma pauperis* ("IFP") application filed by Defendant Wilhy Harpo, named in the instant action as "Harpo" Will Doe. [Doc. 1.] Harpo seeks to proceed IFP in the removal of his state dispossessory proceeding to federal court. [Docs. 1, 1-1.] Although Harpo appears to be indigent for purposes of proceeding IFP, he is subject to a previous District Court order requiring him "to disclose his full litigation history in any . . . [IFP] affidavit that he files."[1]  *See Williams v. Harpo*, No. 1:16-cv-1225-WSD

---

[1] Although this requirement first was imposed when Harpo was incarcerated and filing prisoner lawsuits, *see Harpo v. City of Atlanta*, No. 1:14-cv-2157-WSD (ECF No. 2 at 1-2), the District Court continues require Harpo to

(ECF No. 2 at 2) (second alteration in original) (internal quotation marks omitted). Moreover, Harpo is well aware that he is required to disclose his litigation history, as he has done so in previous cases. *See Broadstone Maple, LLC v. Onna*, No. 1:16-cv-1661-WSD (ECF No. 2-1). He also has had previous cases dismissed for his failure to comply with the District Court's requirement. *See Williams*, No. 1:16-cv-1225-WSD (ECF No. 2 at 4). Thus, it is clear to the undersigned that Harpo is on notice that he must disclose his litigation history when he files an IFP application. Nevertheless, Harpo has failed to do so in this case.

Although Harpo's IFP application is deficient, it is apparent from the face of Harpo's petition that the Court does not have subject matter jurisdiction over the removal action. Thus, for the limited purpose of dismissal, the Court **GRANTS** Harpo's IFP application. [Doc. 1.] Further, the Court **RECOMMENDS** that the action be **REMANDED** to the Magistrate Court of DeKalb County.

In the underlying dispossessory action, Plaintiff Linda Larson alleged that she was the owner of premises in DeKalb County, and that Harpo was a tenant at

---

disclose his litigation history, regardless of whether he is incarcerated, *see, e.g.*, *Harpo v. Craig*, No. 1:16-cv-3965-WSD (ECF No. 16 at 2 n.1); *Harpo v. City of Atlanta*, No. 1:16-cv-1067-WSD (ECF No. 8 at 3).

sufferance.  [Doc. 1-1 at 3.]  Larson demanded possession of the premises but no back rent or other money damages.  [*Id.*]

Harpo argues that this Court has jurisdiction over the removal action because Larson is a Georgia citizen and he is not a citizen of Georgia "[e]xcept for conditions involving duress; fraud; and false imprisonment imposed" by the state.  [Doc. 1-1 at 1.]  He also argues that he cannot receive a fair trial in DeKalb County because the judges are biased against him on the basis of race and his *pro se* status.  Furthermore, he argues, he did not have an opportunity to be heard and was denied due process in state court.  [*Id.*]

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States."  28 U.S.C. § 1441(a).  Here, however, the underlying case is a state dispossessory action containing no federal claim.  [Doc. 1-1 at 3.]  Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper.  *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–

357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015). Even if Harpo wishes to raise counterclaims or defenses to the dispossessory action based on his constitutional rights, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action. *See Anderson*, 529 U.S. at 6.

Further, even assuming, as Harpo alleges, that the parties are diverse, Larson's dispossessory claim cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy). Larson also did not demand any money damages in the dispossessory complaint. Thus, the amount in controversy is zero, and diversity of citizenship cannot provide a basis for federal subject matter jurisdiction here. *See* 28 U.S.C. § 1332(a).

Harpo also cannot remove the dispossessory action to federal court based on his bare assertions that the state proceedings violated his due process rights and that state court judges are biased against him on the basis of race and his *pro*

4

*se* status.  Pursuant to 28 U.S.C. § 1443(1), a defendant may remove a case initiated in state court if she is "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).  A removal petition under § 1443(1) must show that the right on which the defendant relies arises under federal law "providing for specific civil rights stated in terms of racial equality," and the defendant has been denied or cannot enforce that right in state court.  *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001).

To the extent Harpo seeks to proceed under § 1443(1), he has raised only broad, conclusory assertions that the state court will not protect his right to a fair proceeding on the basis of race.  Such broad assertions of rights of general application do not support a claim for removal under § 1443(1).  *See Conley*, 245 F.3d at 1295-96 ("[A] defendant's right to a fair trial and equal protection of the laws . . . do not arise from legislation providing for specific civil rights in terms of racial equality[.]  Therefore, to the extent [that petitioner] relies upon broad assertions under the Equal Protection Clause . . . , those rights are insufficient to support a valid claim for removal under § 1443(1)." (quotation omitted)).

In sum, the Court **GRANTS** Harpo's IFP application for the limited purpose of dismissal. [Doc. 1.] Because it is clear that the Court lacks subject matter jurisdiction over the removal action, it is **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of DeKalb Country.

IT IS SO ORDERED AND RECOMMENDED this 5th day of May, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge