# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

LINDA LARSON,

        Plaintiff,

v.

HARPO WILL DOE, and all others,

        Defendants.

1:17-cv-1595-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins, III's Final Report and Recommendation [3] ("Final R&R"). The R&R recommends this action be remanded to the Magistrate Court of DeKalb County.

## I. BACKGROUND

On May 4, 2017, Defendant Harpo Will Doe ("Defendant") filed his application for leave to proceed *in forma pauperis* ("IFP") [1]. On May 5, 2017, the Magistrate Judge granted Defendant's IFP application for the limited purpose of dismissal. Defendant filed his Notice of Removal [2] the same day. Defendant seeks removal of a state dispossessory action brought by Plaintiff Linda Larson ("Plaintiff") in the Magistrate Court of DeKalb County, Georgia. The Court notes Defendant has attempted to remove nearly identical actions to this Court in the

past, and the Court has remanded those cases for lack of subject matter jurisdiction. See, e.g., Order, Broadstone Maple, LLC v. Alexander Corporate Accommodations, LLC, No. 1:16-cv-2774-WSD (N.D. Ga. August 2, 2016) (Doc. 4).  The Court also notes that, because Defendant is a frequent filer of frivolous lawsuits, the Court has previously ordered Defendant "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files."  See, e.g., Williams v. Harpo, No. 1:16-cv-12225-WSD (N.D. Ga. 2016) (ECF No. 2 at 2); Harpo v. City of Atlanta, No. 1:16-cv-1067-WSD (N.D. Ga. 2016) (ECF No. 2 at 1-2); Harpo v. City of Atlanta, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2); Harpo v. Fulton Cty. Sheriff, No. 1:14-cv-2208-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2).

On May 5, 2017, the Magistrate Judge issued his Final R&R.  The Magistrate Judge found that the Court lacks subject matter jurisdiction over Plaintiff's Complaint, and recommends this action be remanded to the Magistrate Court of DeKalb County.  No objections to the Final R&R have been filed.

**II.   ANALYSIS**

   A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B. Discussion

The Magistrate Judge determined that the Complaint does not contain any federal claims, and removal based on federal question jurisdiction is improper. ([3] at 3). The Magistrate Judge also determined that Defendant fails to show the Court has diversity jurisdiction over this action, because his allegation that "[Plaintiff] is a Georgia citizen and he is not a citizen of Georgia" does not show the citizenship of the parties for purposes of 28 U.S.C. § 1332(a). (Id.). Even if Defendant could correct this deficiency, he cannot meet the amount-in-controversy requirement, because Plaintiff's dispossesory claim cannot be reduced to a monetary sum.[1] (R&R at 4). The Magistrate Judge concluded that the Court lacks

---

[1] To the extent Defendant claims removal under Section 1443 based on the bias of state court judges, his allegations fall short of the specific language of racial equality that section 1443 demands. See Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce

3

subject matter jurisdiction over this state dispossessory proceeding, and recommends the Court remand this action to the Magistrate Court of DeKalb County.[2] The Court finds no plain error in the Magistrate Judge's findings and recommendation, and this action is remanded. See Slay, 714 F.2d at 1095.

---

in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Rachel, 384 U.S. at 788 (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1362 (N.D. Ga. Nov. 5, 2001) ("There is no cognizable claim for a civil rights violation presented in this case . . . [because] [t]here is no reference in any pleading to 'any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.'"). Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.

[2] Because Defendant is a frequent filer of frivolous lawsuits, the Court has previously ordered Defendant "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files." See, e.g., Williams v. Harpo, No. 1:16-cv-12225-WSD (N.D. Ga. 2016) (ECF No. 2 at 2).

Under Local Rule 41.3(A)(2), "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3(A)(2), NDGa. Defendant did not disclose his full litigation history in his Application or Notice of Removal. The Court's prior Orders, and the fact that other actions filed by Defendant have been dismissed for his failure to comply with the Court's prior Orders, put Defendant on notice that he was required to disclose his full litigation history in his Application. Defendant's failure to comply with the Court's prior Orders also warrants dismissal of this action. See LR 41.3(A)(2), NDGa.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins, III's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County.

**SO ORDERED** this 2nd day of October, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE